*R. H. Lewis,* contra.

---

### 12767. COLEMAN *v.* LAWSON.

STEPHENS, J. 1. Where a person goes into possession of lands of another under a contract by the terms of which the former agrees to pay to the latter as rent a certain proportion of the crops grown on the land by the former, even though he be denominated as a "cropper," and also agrees to surrender the premises to the owner at the expiration of the contract, and where it is also provided that the owner of the land shall have a special lien upon all of the crops grown upon the land for the payment of "rent" and for supplies furnished by the owner to the person occupying the land "until all rent and supplies accruing under this contract and agreement, and any interest that may become due, has been fully paid," the relation of landlord and tenant, and not the relation of landlord and cropper, exists between the parties.

2. In a suit in trover by the tenant against the landlord, to recover the value of crops raised by the tenant on the land, which crops had come into the possession of the landlord, where the evidence authorized the inference that the landlord had fully received his proportion of the crops contracted for as rent, a verdict for the plaintiff, in an amount equal to the highest proved value of the surplus converted by the landlord after deducting the landlord's proportionate share of the crops for rent, was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1922.

Trover; from Candler superior court — Judge Hardeman. July 18, 1921.

*Kirkland & Kirkland, W. T. Burkhalter,* for plaintiff in error.

*G. C. Bidgood, W. H. Lanier,* contra.